** PART II ** HOWEVER, "PERSONNEL FILE" IS NOT DEFINED BY STATUTE, CA SE LAW OR THE MERIT RULES. WHAT CONSTITUTES AN "OFFICIAL PERSONNEL FILE" WILL PROBABLY BE IN AN AGENCY'S OFFICIAL RULES, OR WHAT THAT AGENCY ROUTINELY PLACES IN THE "OFFICIAL PERSONNEL FILE" OF THE PUBLIC EMPLOYEE. APPARENTLY, MOST AGENCIES VIEW THE "OFFICIAL PERSONNEL FILE" AS THE FOLDER CONTAINING DOCUMENTS RELATING TO POSITIVE OR NEGATIVE ACTION ON AN EMPLOYEE AND WOULD NOT CONTAIN COMPREHENSIVE INVESTIGATORY REPORTS. THE AGENCY ATTORNEYS WHO I SPOKE TO APPARENTLY BELIEVE THAT THEY ARE IN COMPLIANCE WITH LOUDERMILL AND THE OKLAHOMA STATUTES BY GIVING EMPLOYEES WRITTEN NOTICE IN SUMMARY FORM. ADDITIONALLY, THE LEGISLATURE RECENTLY PASSED NEW LEGISLATION THAT APPARENTLY FOLLOWS THE ABOVE RATIONALE AND INTERPRETATION OF THE INTENT OF THE CURRENT OKLAHOMA STATUTES AND LOUDERMILL. A NEW PROCED URE HAS BEEN INITIATED IN 74 O.S. 841.13(B)(2), WHEREIN A NOTICE OF A PRETERMINATION HEARING MUST INCLUDE ALL GROUNDS FOR TERMINATION AND SHALL INCLUDE A GENERAL SUMMARY OF THE EVIDENCE AGAINST THE EMPLOYEE. THE AGENCY MUST HAVE FILED IN THE "OFFICIAL PERSONNEL FILE" AT LEAST 72 HOURS BEFORE THE TERMINATION HEARING, A CERTIFICATE TO BE INCLUDED IN THE RECORD STATING WHAT DISCIPLINARY ACTIONS HAVE BEEN TAKEN TO COMPLY WITH "PROGRESSIVE DISCIPLINES" (NOT DEFINED BY STATUTE OR MERIT RULES) PRIOR TO THE TERMINATION HEARINGS AND FURTHER CERTIFYING THAT ALL MANDATORY PROGRESSIVE DISCIPLINES AS REQUIRED BY STATUTE OR RULE HAVE BEEN TAKEN PRIOR TO A TERMINATION HEARING. THE CERTIFICATE IS NOT REQUIRED WHERE A CRIMINAL OFFENSE HAS OCCURRED OR ACTS INVOLVING MORAL TURPITUDE HAVE BEEN COMMITTED. 74 O.S. 841.13(B)(3) (1990). THEREFORE, THE IMPLICATION IS THAT THE LEGISLATURE IS SUPPORTING THE CONCEPT OF LOUDERMILL, IN THAT, AN AGENCY NEED NOT PROVIDE AN EMPLOYEE WITH A COPY OF ALL ITS DOCUMENTS — ONLY THE ONES THAT THEY PUT IN THEIR OFFICIAL PERSONNEL FOLDER. ONCE AGAIN THE PRECEDING STA TUTE DOES NOT REQUIRE AN AGENCY TO RELEASE ITS INVESTIGATORY REPORT TO THE EMPLOYEE IN PRETERMINATION PROCEEDINGS. HOWEVER, AS NOTED IN 74 O.S. 841.13(B) (1990), AN AGENCY MUST GIVE AN EMPLOYEE WRITTEN NOTICE OF WHAT THE CHARGES ARE AGAINST HIM AND THE CONTEMPLATED EVIDENCE TO BE USED. ACCORDING TO SEVERAL AGENCY ATTORNEYS, THE WRITTEN NOTICE IN SUMMARY FORM IS PLACED IN THE EMPLOYEE'S OFFICIAL PERSONNEL FILE. SEE, 74 O.S. 841.13(B). OBVIOUSLY ANYTHING ELSE THAT THE AGENCY PLACES IN THE PERSONNEL FILE, INCLUDING THE ENTIRE INVESTIGATORY REPORT ITSELF IF PLACED IN THE FILE, WOULD BE ACCESSIBLE BY THE EMPLOYEE UNLESS PROHIBITED BY A SPECIFIC STATUTE. SEE, 51 O.S. 24A.7(C) THERE DOES APPEAR TO BE A DISTINCTION BETWEEN A CU RRENT AND FORMER EMPLOYEE ON ISSUES OF DISCLOSURE. AGAIN, REFERRING TO 51 O.S. 24A.7(A) QUOTED ABOVE, THE STATUTE APPARENTLY APPLIES ONLY TO "AN EMPLOYEE OF A PUBLIC BODY" AND DOES NOT APPEAR TO MENTION ANYTHING ABOUT A FORMER EMPLOYEE. AS USED IN THE ABOVE CONTEXT, I ASSUME THAT YOU USED THE TERM "CLOSED" IN YOUR QUESTION TO MEAN THAT THE INVESTIGATION IS CLOSED. I BELIEVE THAT THE PERSONNEL FILE WOULD REMAIN ACTIVE AS LONG AS THAT EMPLOYEE IS EMPLOYED BY THAT AGENCY. IN CONSTRUING LEGISLATIVE ENACTMENTS, IT IS A FUNDAMENTAL RULE OF CONSTRUCTION TO ASCERTAIN AND IF POSSIBLE, GIVE EFFECT TO THE INTENTION AND PURPOSE OF THE LEGISLATIVE ENACTMENT. JACKSON V. IND. SCH. DIST. NO. 16, 648 P.2D 26 (OKLA. 1982). SINCE NO MENTI ON IS MADE ABOUT "CLOSED" OR "OPEN" INVESTIGATION FILES, IT APPEARS THAT IT WAS THE INTENT OF THE LEGISLATURE TO ALLOW AN EMPLOYEE TO GAIN ACCESS TO HIS OWN PERSONNEL FILE REGARDLESS OF WHETHER THE INVESTIGATION IS "OPEN" OR "CLOSED." THERE IS NO DEFINITIVE CASE LAW OR STATUTES REGARDING TH E USE OF "EMPLOYEE CASE SCENARIOS" IN TRAINING SESSIONS OF AN AGENCY. HOWEVER, AN EMPLOYEE DOES HAVE A LIMITED RIGHT OF PRIVACY ASSOCIATED WITH HIS EMPLOYMENT AS PROVIDED BY 51 O.S. 24A.7(A). "A PUBLIC BODY MAY KEEP PE RSONNEL RECORDS CONFIDENTIAL. * * * 2) WHERE DISCLOSURE WOULD CONSTITUT E A CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY SUCH AS EMPLOYEE EVALUATIONS, PAYROLL DEDUCTIONS, OR EMPLOYMENT APPLICATIONS SUBMITTED BY PERSONS NOT HIRED BY THE PUBLIC BODY(.)" A STAFF DEVELOPMENT UNIT MAY DECID E TO INCLUDE A CERTAIN PRINCIPLE THAT WAS DERIVED FROM AN INDIVIDUAL EMPLOYEE'S CASE (WHETHER ACTION WAS OR WAS NOT INITIATED) IN ITS TRAINING PROCEDURES. IF THE ACTION NEVER MATERIALIZED IN FORMAL ACTION AGAINST THE EMPLOYEE, THE UNIT COULD STILL USE THE MATERIALS BUT THE NAMES, SITUATION, ETC. WOULD STILL NEED TO BE DISGUISED TO EXCLUDE REFERENCE TO THE EMPLOYEE OR THE SITUATION. IT IS NOT LIKELY THAT AN AGENCY WOULD BE PROHIBITED FROM USING MATERIALS OF THIS NATURE TO ENHANCE ITS TRAINING PROGRAM UNLESS PRESENTATION OF THE TRAINING MATERIALS IN A PARTICULAR CONTEXT CONSTITUTED "A CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY." ALTHOUGH AN EXA CT CASE, RULE OR STATUTE IS NOT ENTIRELY ON POINT, THE MERIT PROTECTION EXECUTIVE DIRECTOR AND/OR MERIT PROTECTION COMMISSION ARE EMPOWERED TO INVESTIGATE ON THEIR OWN. AN INITIAL QUESTION MUST BE ANSWERED AS TO WHETHER THERE IS A LEGITIMATE COMPLAINT FALLING WITHIN THE JURISDICTION OF THAT AGENCY REGARDING A VIOLATION OF THE OKLAHOMA PERSONNEL ACT AND WHETHER THE DIRECTOR MAY ISSUE A SUBPOENA FOR AN AGENCY'S DOCUMENTS, REGARDLESS OF WHETHER OR NOT THOSE MATERIALS ARE IN THE OFFICIAL PERSONNEL FILE. 74 O.S. 841.15 AND 74 O.S. 841.18 (1990). INHERENT IN THAT PROCESS MIGHT BE THE NECESSITY OF LOOKING AT THE AGENCY INVESTIGATION, BUT THE ULTIMATE REPORT OF THE MERIT PROTECTION EXECUTIVE DIRECTOR IS NOT AVAILABLE TO THE EMPLOYEE. HOWEVER, THE MPC OR EXECUTIVE DIRECTOR APPARENTLY GIVES A COPY OF ITS FINDING IN SUMMARY FORM TO THE EMPLOYEE ACCORDING TO MPC ADMINISTRATORS. THROUGH THE SUBPOENA POWERS OF MERIT PROTECTION, AN ADMINISTRATIVE LAW JUDGE/MERIT HEARING OFFICER MIGHT DETERMINE THAT CERTAIN INVESTIGATIVE REPORTS ARE NEEDED FOR A DETERMINATION OF THE PENDING MERIT HEARING APPEAL. SEE, RULES 9.0 ET. SEQ. OF THE MERIT RULES. IF A CRIMINAL INVESTIGATIO N IS INVOLVED, LAW ENFORCEMENT OFFICERS COULD OBVIOUSLY GAIN ACCESS TO INVESTIGATE REPORTS DURING AN INVESTIGATION AND THE AGENCY THAT POSSESSES THOSE MATERIALS COULD NOT REFUSE TO BE A WITNESS OR BRING THE RECORDS IF SUBPOENAED IN A CRIMINAL HEARING. SEE 22 O.S. 703-22 O.S. 717. ALTHOUGH IT HAS BEEN DISCUSSED ABOVE THAT AN EMPLOYEE CANNOT OBTAIN INVESTIGATIVE REPORTS UNLESS THOSE ARE PLACED IN THE FILE OR BROUGHT INTO ISSUE IN A MERIT PROTECTION HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE, THE PUBLIC ACCESS IS EVEN MORE LIMITED DUE TO THE NATURE OF THE EMPLOYEE'S PERSONNEL FILE BEING PRIVATE. 51 O.S. 24A.7. HOWEVER, THE PUBLIC DOES HAVE ACCESS TO DOCUMENTS, IN LIMITED CIRCUMSTANCES, WHICH SHOW AN EMPLOYEE'S GROSS RECEIPT OF PUBLIC FUNDS, DATES OF EMPLOYMENT, TITLE OR POSITION, AND ANY FINAL DISCIPLINARY ACTION RESULTING IN LOSS OF PAY, SUSPENSION, DEMOTION OF POSITION, OR TERMINATION 51 O.S. 24A.7(B). DISCLOSURE OF CERTAIN INFORMATION SUBMITTED TO A LAW ENFORCEMENT AGENCY IS COVERED BY 51 O.S. 24A.8. TH ERE IS NO LEGAL PROCESS FOR THE DISCLOSURE OF EITHER" INVESTIGATIVE "OR" INTERNAL AFFAIRS "REPORTS, EXCEPT AS NOTED HEREINABOVE REGARDING THE SUBPOENA POWER OF THE ADMINISTRATIVE LAW JUDGE. THE PERSONNEL HEARINGS BEFORE AN ADMINISTRATIVE LAW JUDGE/MERIT HEARING OFFICER ARE OPEN TO THE PUBLIC AS 74 O.S. 841.13(B) STATES, "ALL HEARINGS SHALL BE OPEN TO THE PUBLIC." IN CONTRADICTION TO THE FOREGOING STATUTORY PROVISION IS MERIT PRO TECTION RULE 9.4(A) WHICH ALLOWS A PARTY IN A MERIT PROTECTION HEARING TO FILE A MOTION TO CLOSE PORTIONS OF THE HEARING. THE RULE THEN STATES THAT THE ADMINISTRATIVE LAW JUDGE MAY CLOSE PORTIONS OF THE HEARING IF EVIDENCE OF A CONFIDENTIAL NATURE IS GOING TO BE INTRODUCED. IT IS MY OPINION THAT THIS MERIT PROTECTION RULE IS IN CONFLICT WITH THE STATUTE REQUIRING HEARINGS TO BE OPEN TO THE PUBLIC. ALSO, DURING THE MERIT HEARING PROCESS ITSELF, AN EMPLOYEE MAY SUBMIT A REQUEST FOR SUBPOENA OF THE INVESTIGATORY REPORTS OF AN AGENCY, HOWEVER, THE MERIT HEARING OFFICER/ADMINISTRATIVE LAW JUDGE WILL HAVE THE ULTIMATE DECISION ON WHETHER THE INVESTIGATORY REPORT ITSELF OR A PORTION THEREOF IS NECESSARY FOR THE MERIT HEARING PROCESS. SEE, MERIT RULES 9.4(G). OTHERWISE, THERE IS NO MANDATORY STATUTE OR CASE ON POINT THAT COMPELS THE RELEASE OF SUCH INVESTIGATIVE REPORTS, EITHER IN THE EVENT OF A HEARING OR WITHOUT A HEARING. IN YOUR INQUIRY I N QUESTION SEVEN, YOU HAVE MENTIONED "INTERNAL AFFAIRS REPORTS" AND "INVESTIGATION." THOSE TERMS ARE NOT DEFINED IN THE CASE LAW, STATUTES OR MERIT RULES. YOU MUST ALSO KEEP IN MIND THAT THOSE TERMS ARE NOT SYNONYMOUS WITH "OFFICIAL PERSONNEL RECORDS" AND ACTION TAKEN AGAINST AN EMPLOYEE AS AN AGENCY IS UNDER NO DUTY TO TURN OVER ALL OF ITS INVESTIGATION RECORDS UNLESS THOSE HAVE BEEN ENTERED INTO THE OFFICIAL PERSONNEL FILE OR ARE SUBM ITTED DURING THE HEARING PROCESS. 51 O.S. 24A.7(C). REGARDING THE HEAR ING PROCESS OF THE MERIT PROTECTION COMMISSION (74 O.S. 841.13(A), THE FOLLOWING LANGUAGE IS FOUND: "ALL HEARINGS HELD PURSUANT TO THE OKLAHOMA P ERSONNEL ACT SHALL BE CONDUCTED IN ACCORDANCE WITH THE FOLLOWING PROVISIONS: A. PREHEARING CONFERENCES. * * * (2) THE PREHEARING CONFERENCE. . . . . . . SHALL BE INFORMAL AND SHALL NOT BE OPEN TO THE PUBLIC. (3) ALL DISCOV ERY SHALL BE COMPLETED AT THE PREHEARING CONFERENCE. (4) COPIES OF ALL DOCUMENTS OR EXHIBITS SUBMITTED AT THE HEARING MUST BE SUBMITTED TO THE ADVERSE PARTY." AN EMPLOYEE IS NORMALLY ENTITLED TO ANYTHING WITHIN HIS/H ER PERSONNEL FILE OR WHICH IS RELIED UPON BY AN AGENCY IN TAKING ACTION ACCORDING TO THE STATUTES MENTIONED HEREINABOVE. THE ABOVE SECTION ALLOWS AN EMPLOYEE TO HAVE COPIES OF ALL DOCUMENTS AND EXHIBITS SUBMITTED TO THE HEARING EXAMINER. IT WOULD NOT BE IMPROPER FOR A MERIT HEARING OFFICER TO GIVE COPIES OF THOSE DOCUMENTS TO COUNSEL OR THE EMPLOYEE IF COUNSEL REQUESTS THEM, EVEN IN THE ABSENCE OF A SUBPOENA. SEE, MERIT RULES 9.0 ET. SEQ. THEREFORE, IT IS MY OPINION THAT: 1. AN AGENCY IS UNDER NO OBLIGAT ION TO PROVIDE AN EMPLOYEE WITH "INVESTIGATIVE" OR "INTERNAL AFFAIRS REPORTS" AT ANY STAGE OF PROCEEDINGS UNLESS THOSE REPORTS ARE PLACED IN THE EMPLOYEE'S OFFICIAL PERSONNEL FILE OR THE ADMINISTRATIVE LAW JUDGE DEEMS A REPORT OR PORTION THEREOF RELEVANT TO A MERIT PROTECTION HEARING AND AUTHORIZES IT TO BE SUBPOENAED. 2. AN EMPLOYEE HAS A RIGHT TO GAIN ACCESS TO HIS OR HER OWN PERSONNEL FILE REGARDLESS OF WHETHER IT IS "OPEN OR "CLOSED." 3. A STAFF DEVELOPMENT UNIT OF AN AGENCY CAN USE THE PRINCIPLE(S) DERIVED FROM AN INVESTIGATION OF AN EMPLOYEE, BUT CANNOT REVEAL THE EMPLOYEE'S NAME, THE ACTUAL REPORT ITSELF, OR OTHER INFORMATION THAT WOULD CONSTITUTE AN "UNWARRANTED INVASION OF PERSONAL PRIVACY." 4. THE EXECUTIV E DIRECTOR/MERIT PROTECTION COMMISSION MAY GAIN ACCESS TO THE INTERNAL AFFAIRS REPORTS OR INVESTIGATION REPORTS OF AN AGENCY TO DETERMINE IF A VIOLATION OF THE OKLAHOMA PERSONNEL ACT HAS OCCURRED IF IT IS NECESSARY AND RELEVANT TO A MATTER WITHIN THEIR JURISDICTION. THE MERIT HEARING OFFICER/ADMINISTRATIVE LAW JUDGE MAY OBTAIN INVESTIGATORY OR INTERNAL AFFAIRS REPORTS THROUGH THE SUBPOENA PROCESS AT THE REQUEST OF A PARTY TO DETERMINE IF THE REPORT OR A PORTION THEREOF WOULD BE RELEVANT TO THE HEARING. 5. A PROCEDURE DOES NOT EXIST FOR AN EMPLOYEE TO OBTAIN COPIES OF AN AGENCY'S INVESTIGATIVE REPORTS WHEN THERE IS NO HEARING. HOWEVER, WHEN MERIT PROTECTION HEARING PROCEDURES HAVE BEEN INITIATED, THE EMPLOYEE CAN SUBMIT A SUBPOENA REQUEST TO THE ADMINISTRATIVE LAW JUDGE TO HAVE THE JUDGE REVIEW THOSE MATERIALS TO DETERMINE WHETHER THEY WOULD BE RELEVANT TO THE HEARING ON THE EMPLOYEE. 6. A MERIT HEARING OFFICER/ADMINISTRATIVE LAW JUDG E MAY GIVE AN EMPLOYEE OR HIS COUNSEL COPIES OF THE MATERIALS IN THE HEARING FILE WITHOUT A SUBPOENA AS THE EMPLOYEE OR HIS COUNSEL ARE ENTITLED TO THOSE BY LAW AND MERIT PROTECTION RULE.
(SID BROWN)